### In re MAIMAN.

### Claim of PARKER.

#### (District Court, D. Maine. February 28, 1919.)

#### No. 389.

BANKRUPTCY ☞340—PROVABLE DEBTS—PAYMENT OF NOTE OF BANKRUPT—EVIDENCE.

> A creditor *held* to have deposited collateral to secure a note of bankrupt, and afterward paid the note at bankrupt's request and for his benefit, and to be entitled to prove his claim therefor against the estate.

In Bankruptcy. In the matter of Morris Maiman, bankrupt. On review of order of referee allowing claim of James W. Parker. Affirmed.

Maurice E. Rosen, of Portland, Me., for petitioner.
George F. Gould, of Portland, Me., for claimant.

HALE, District Judge. In October, 1908, James W. Parker, Robert S. Thomes, Morris Maiman, and Moses Victorson were stockholders of the Coronet Manufacturing Company. They desired to advance the interests of the company, and, to that end, to put $40,000 into it, each one of the four to put in $10,000, and each to take the value of $10,000 in capital stock of the company. Mr. Parker paid for his capital stock $10,000 in cash. The others hired the money of the Chapman National Bank, each on his own $10,000 note, secured by stock of the Coronet Manufacturing Company. The testimony shows that the vote, on the records of the company, was to sell 400 shares at par; each of the four taking 100 shares of capital stock, and paying for it in the manner described.

The $10,000 necessary to pay for the Maiman stock was to be obtained by him from the Chapman National Bank by means of his own personal note, with the 100 shares of stock deposited therewith as collateral. The same method of payment was adopted by Mr. Thomes and Mr. Victorson.

We are concerned here only with the method by which Mr. Maiman procured his stock. According to an understanding between Mr. Maiman, Mr. Parker, and the Portland Trust Company, Mr. Maiman took up his note at the Chapman National Bank, with the money obtained through the Portland Trust Company, through the discount of his own note, with 100 shares of the capital stock of the Rufus Deering Company, owned by Mr. Parker. This stock had been deposited by Mr. Parker as collateral security. He had the interests of the company at heart, desired to make it a success, and pursued a similar method with reference to the shares of Mr. Thomes and Mr. Victorson. To secure Mr. Parker for the 100 shares of capital stock of the Rufus Deering Company, Mr. Maiman turned over to Mr. Parker 180 shares of the Coronet Manufacturing Company, all the shares he had. Mr. Parker put up the Rufus Deering Company's stock as collateral,

because the Portland Trust Company refused to take the Coronet stock as collateral. All the transactions are shown to have been with the knowledge of Maiman and at his request. Later the Portland Trust Company was taken over by the Fidelity Trust Company of Portland. Mr. Maiman gave his personal note to the Fidelity Trust Company for $10,000, payable on demand. The Rufus Deering Company's stock was deposited therewith as collateral security for this note, under the same arrangement which had been made when Maiman obtained his loan from the Portland Trust Company. This note was afterwards paid by Parker, $1,000 of it on November 30, 1917, and the balance of it in 1918.

Maiman was put into bankruptcy by his creditors. Parker proved his claim for the money paid upon said note to the amount, with interest, of $10,094.50. This claim of Parker has been allowed by the referee. The allowance of it is challenged by one of the creditors, who now seeks to review the action of the referee.

The facts appear from the testimony of Mr. Parker and from other proofs. Mr. Parker is a man of the highest character and of the most undoubted probity. His testimony, with that of other witnesses, proves the facts upon which the referee's finding is based.

Without going further into the proofs, I am satisfied that the referee is correct in allowing the claim. The proofs satisfy me that the $10,000 was paid by Mr. Parker with the knowledge and at the request of the bankrupt, and for his benefit. Clearly an action could have been maintained by Mr. Parker against Mr. Maiman; he having paid money which it was the clear duty of Maiman to pay, and for which Maiman got the benefit.

The learned counsel for the objecting creditor has raised certain questions of law, which would apply if, as he contends, Maiman were an accommodation maker of his note. The proofs, however, do not sustain this contention. They present no question of law which it is necessary further to discuss.

The action of the referee in allowing the claim for the sum of $10,094.50 is affirmed.